AYERS v. HINKLE.

SALES — CONTRACT — STATUTE OF FRAUDS — OFFER AND ACCEPTANCE.

> Evidence that plaintiff asked defendant if he thought he could purchase potatoes in his vicinity for plaintiff at 90 cents a bushel and that plaintiff said he would see and that if he could purchase a car load he would do so, no money being paid nor memorandum being made, does not establish an enforceable contract for the sale of the potatoes.

Error to Hillsdale; Chester, J. Submitted April 19, 1906. (Docket No. 99.) Decided July 23, 1906.

Assumpsit by Albert J. Ayers against Ernest Hinkle for breach of contract of sale. There was judgment for plaintiff, and defendant brings error. Reversed.

*Frankhauser & Cornell*, for appellant.

*Charles M. Weaver* and *Merton Fitzpatrick*, for appellee.

MOORE, J. The plaintiff recovered a judgment against defendant for $100. The case is brought here by writ of error.

It is the claim of the defendant that the court should have directed a verdict in his favor. The plaintiff is a resident of Adrian, and while waiting between two trains at Hillsdale, he called upon the defendant, who is a grocer at the latter place, and had some conversation with him about buying a car load of potatoes at 90 cents a bushel, and asked defendant if he thought he could purchase some. He was informed by the defendant that he did not know, that he had heard of some potatoes southwest of Hillsdale, and if he could purchase a car load, he would do so. This is the substance of the conversation. No memorandum was made signed by either party, and no money was paid.

It is evident no enforceable contract was made at that time. The record discloses that defendant went into the country and bought some potatoes, following the conversation between the parties at Hillsdale before narrated. During this time considerable correspondence ensued between them. It is the claim of plaintiff that, when properly construed, this correspondence shows an agreement upon defendant's part to sell 500 bushels of potatoes at 90 cents a bushel, to be delivered on or about the 19th of April to plaintiff, and that the plaintiff agreed to buy them, and as there was a failure on the part of the defendant to deliver these potatoes, plaintiff is entitled to recover his damages. The circuit judge accepted plaintiff's theory of the case, and so instructed the jury.

It is the claim of the defendant that the correspondence does not show an agreement on the part of the plaintiff to buy, and an agreement on the part of the defendant to sell. The correspondence is somewhat voluminous, and it would not profit any one to set it out in full. We are satisfied, from a careful examination of it, that the construction which the defendant claims, is a proper one, and that no contract was made by reason of it. It follows from this conclusion a verdict should have been directed in favor of the defendant.

The judgment is reversed, and new trial ordered.

CARPENTER, C. J., and MONTGOMERY, OSTRANDER, and HOOKER, JJ., concurred.